**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **In re Wireless Telephone Federal Cost** | ) | |
| **Recovery Litigation** | ) | **MDL Docket No. 1559** |
| _____ | ) | |
| | ) | |
| **This Document Relates to:** | ) | **Master Case No. 4:03-MD-01559** |
| | ) | |
| All Actions | ) | |
| | ) | |

**INTERESTED DEFENDANTS' OMNIBUS**
**SUGGESTIONS IN OPPOSITION TO PLAINTIFFS'**
**MEMORANDA REGARDING THE COURT'S ALL WRITS ORDER**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

DISCUSSION ............................................................................................................... 6

    A.    Recent Developments Counsel Maintaining the Injunction at this Time ............. 6

    B.    The Court Has The Authority To Continue The Injunction ................................... 9

    C.    Continuation of the Injunction Is Not Inequitable ............................................... 10

    D.    The Court Should Clarify that the All Writs Act Injunction Applies to the California Arbitration Appeals. ......................................................................... 11

CONCLUSION ............................................................................................................ 13

1473417v1

### *Introduction*

Cingular Wireless LLC ("Cingular"), Sprint Spectrum LP ("Sprint"), and AT&T

Wireless Services, Inc. ("AWS") (together, the "Interested Defendants") file these suggestions

pursuant to the Court's Order of May 26, 2004 requesting briefing on whether the Court's

injunction of the prosecution of parallel litigation should be modified or lifted, and in opposition

to the briefs filed by the "Plaintiffs' Coalition" and "Illinois Plaintiffs" on June 21, 2004. The

Interested Defendants also seek clarification of the effect of the injunction on certain proceedings

in the California Court of Appeal.

On November 13, 2003, the Judicial Panel on Multidistrict Litigation (the "Panel")

ordered the transfer and coordination of several putative class actions into this multidistrict

proceeding. The Panel found that coordination was appropriate in this case:

> Centralization under Section 1407 with respect to these actions is
> thus necessary in order to eliminate duplicative discovery, prevent
> inconsistent pretrial rulings . . . and conserve the resources of the
> parties, their counsel and the judiciary.

(Order dated November 13, 2003, at 2 (citing 28 U.S.C. § 1407).) It also found that the

pendency of motions for remand demonstrated, rather than obviated, the need for coordination:

> Plaintiffs suggest that a decision in their favor on pending motions
> to remand to state court may obviate the need for transfer. We
> note, however, that such motions can be presented to and decided
> by the transferee judge. Such an approach here has the additional
> advantage of streamlining treatment of the remand issue.

(*Id.* (citations omitted).) This Court thereafter issued an injunction pursuant to and in

compliance with the All Writs Act that temporarily enjoined the prosecution of parallel state

actions and federal tag-along actions that are related to this proceeding (the "Injunction"). *See*

1473417v1

Orders dated December 16 and 22, 2004.  The Court reasoned that the Injunction would aid its jurisdiction over this multidistrict proceeding.  (*See generally id.*)

The Court was undoubtedly correct.  The Injunction has ensured the effective transfer and coordination of the tag-along actions related to MDL 1559, eliminated duplicative discovery, conserved the resources of the parties and the judiciary, and prevented inconsistent rulings on critical issues such as remand, class certification, and the fairness of settlements.  (*See* Order of Dec. 22, 2003, at 2-3.)  By preserving the *status quo* in these actions, the Injunction has enabled the Court to conduct an initial triage of the cases that have been transferred to it, ensured that those actions are resolved in a coordinated (as opposed to a disintegrated) fashion, allowed the parties to engage in settlement discussions, and facilitated one nationwide settlement.

Despite the obvious utility (and propriety) of the Injunction, members of the Plaintiff's Coalition (often represented by common counsel) have resisted it at every turn, except where it was to their advantage to invoke it.  Some have ignored it altogether, or sought quietly to undermine it.[1]  Members of the Plaintiffs' Coalition have also asked the Court to "modify" the Injunction, which, after full briefing, it correctly declined to do.  (*See* Order dated April 22, 2004.)

Nevertheless, complex litigation is not static, and the Court has requested briefing on whether, in light of recent events, the Injunction should be "continued, modified or

---

[1]  For example, counsel for members of the Plaintiffs' Coalition filed a motion to remand the *Prieto* case in the transferor court in complete disregard of the Injunction.  Counsel then filed a motion to vacate CTO-5 for the express purpose of delaying the transfer of the *Prieto* action and manufacturing additional time in which the transferor court (which had properly stayed the action) could grant Mr. Prieto's Motion to Remand before this Court had an opportunity to review the jurisdictional question.  *See* Pl.'s Mem. of Law in Support of Mot. to Vacate or Stay CTO-5, at 5 (filed with the JPML Mar. 12, 2004) (reproduced as Exhibit A, without attachments) ("the Panel should delay its ruling on transfer until critical motions have been decided by the transferor court.").  The Panel denied the motion and transferred *Prieto* into this proceeding by order dated June 16, 2004.

2

discontinued." (*See* Orders dated May 6 and 26, 2004.)  However, rather than allow the Court to reflect on its own Order, or ask Defendants whether they would consent to an amendment of that Order, certain members of the Plaintiffs' Coalition have instead jeopardized the Court's ability to modify the Injunction by seeking relief in the Court of Appeals.  (*See* Notice of Appeal dated May 19, 2004.)

The efforts of the Plaintiffs' Coalition to manipulate, evade and undermine the Injunction merely underscore its utility in this case.  By seeking to litigate duplicative suits in different courts, the members of the Plaintiffs' Coalition (or their counsel) seek multiple opportunities to litigate the various pretrial hurdles designed to protect the courts and defendants from meritless claims and spurious class actions.  In such multi-front battles, defendants must win every time, but plaintiffs must win only once.  The Seventh Circuit recently explained this dynamic in the context of class certification:

> Relitigation can turn even an unlikely outcome into reality. Suppose that every state in the nation would as a matter of first principles deem inappropriate a nationwide class covering [certain] claims and products.  What this might mean in practice is something like "9 of 10 judges in every state would rule against certifying a nationwide class" . . . .  Although the 10% that see things otherwise are a distinct minority, one is bound to turn up if plaintiffs file enough suits--and, if one nationwide class *is* certified, then all the no-certification decisions fade into insignificance.  A single positive trumps all the negatives.  Even if just one judge in ten believes that a nationwide class is lawful, then if the plaintiffs file in ten different states the probability that at least one will certify a nationwide class is 65% . . . .  Filing in 20 states produces an 88% probability of national class certification . . . .  This happens whenever plaintiffs can roll the dice as many times as they please--when nationwide class certification sticks (because it subsumes all other suits)while a no-certification decision has no enduring effect.

*In re Bridgestone/Firestone Inc., Tires Prods. Liab. Litig.*, 333 F.3d 763, 766-67 (7th Cir. 2003) (emphasis in original).   The wireless telephone industry is, by its very nature, national and

3

interstate in scope. Thus, it is both particularly susceptible to and particularly vulnerable to this "asymmetric system in which class counsel can win but never lose." *Id.* at 767.

In this proceeding, the deleterious effects of this "asymmetric system" go far beyond the consequences to the Defendants. Congress has established and directed the Federal Communications Commission ("FCC") to implement "a national regulatory policy for [wireless telephone service], not a policy that is balkanized state-by-state." *In re Petition of the People of the State of California and the Public Utilities Commission of the State of California to Retain Regulatory Authority over Intrastate Cellular Service Rates*, 10 F.C.C.R. 7486, ¶ 24 (1995). The federal regulatory initiatives that gave rise to the line-item fees challenged in these consolidated actions are central to this policy. They include the build-out and enhancement of a national E-911 emergency response network with technology capable of assisting in the location of helpless wireless callers, the development of so-called "universal" telecommunications service to underprivileged and underserved regions nationwide, enhanced telecommunications services for the deaf, and like programs. The FCC approved the line-item fees employed by carriers to recover the significant costs associated with these programs after extensive rulemaking and other proceedings in which the Commission considered carefully not only the necessity and fairness of these charges, but also the need for carriers to present the charges fairly to customers. A single coordinated proceeding to manage these actions is virtually the only hope for preventing the chaos that would flow from balkanizing the regulation of these cost recovery practices in an endless war of dueling state court class actions. Investment in our nation's telecommunications infrastructure, and the recovery of the costs of that investment, should not be determined by dueling state court class actions seeking jackpot rebates for one state's citizens over another's based on differences in state law. The line item charges at issue in these actions are creatures of

4

federal law and policy and should be regulated as such. The Court's injunction preserves the prospect of these actions being resolved during pretrial proceedings in a coordinated, as opposed to a disintegrated, fashion.

The Plaintiffs' Coalition and the Illinois Plaintiffs present two principal arguments for lifting of the Injunction: first, that circumstances have changed such that the injunction is no longer warranted, and, second, that the Court does not have the authority to maintain the injunction. Both arguments fail. First, the two most significant new circumstances – the commencement of settlement negotiations by Sprint and the appeal by certain Plaintiffs of the Court's denial of Plaintiffs' motion to modify the injunction – militate in favor of maintaining the injunction at this time. Second, Plaintiffs' challenges to this Court's authority to issue and maintain the injunction were all properly rejected by the Court in its Order of April 22, 2004. The Coalition Plaintiffs further argue that continuing the injunction would be "inequitable and improper" and that the Court may use other methods to manage this proceeding without enjoining related litigation. Neither of these makeweight arguments supports lifting the injunction at this time.

### *Discussion*

### A.    <u>Recent Developments Counsel Maintaining the Injunction at this Time</u>

Plaintiffs argue that, given recent developments in this proceeding, the Injunction should be discontinued. While it is true that posture of this proceeding has changed, recent developments weigh in favor of, not against, continuing the Court's injunction at this time.[2]

---

[2]    The Plaintiffs' Coalition claims that the Injunction is "unnecessary at this point" because "the initial wave of state court filings involving wireless service providers' cost recovery fees has abated" and "there are no pending motions or issues in any state court actions threatening to unravel the MDL proceedings. . . ." (Pls. Coalition Mem. at 4, 6.)  This argument misses the

(continued…)

The most relevant recent procedural development is the filing of an appeal of the Court's order denying the motion by various members of the Plaintiffs' Coalition for modification of the Injunction.[3] It is not entirely clear that the appeal was properly or timely filed. It is clear, however, that by filing the notice of appeal, these Plaintiffs have complicated the Court's efforts to tailor the Injunction during the pendency of the appeal. *See, e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("[t]he filing of a notice of appeal is an event of jurisdiction[al] significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal. For example, while an appeal is pending, the district court may not reexamine or supplement the order being appealed.") (citations omitted); *Liddell v. Board of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) ("Once appealed, issues before an appellate court should not be undermined or altered."); *Harmon v. United States*, 101 F.3d 574, 587 (8th Cir. 1996); *Johnson v. Hay*, 931 F.2d 456, 459 n.2 (8th Cir. 1991). As the Eight Circuit has explained:

> The rule serves two important interests. First, it promotes judicial economy for it spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals. Second, it promotes fairness to the parties who might otherwise have to fight a confusing "two front war" for no good

---

(..continued)

mark. Simply put, this shows the Injunction's utility, not its futility. It is *because* of the Injunction that this MDL proceeding has not been "unraveled" by a "wave of state court filings."

[3]     The parties appealing the Court's April 22, 2004 order denying modification of the Injunction include the following members of the "Plaintiffs' Coalition": Dennis Gregory (who originally embraced the Injunction), Steve D. Solomon, Frank Cherry, Elizabeth Cherry, James Edward Campbell, Robert F. Milner and Julio Prieto. (*See* Notice of Appeal dated May 19, 2004.)

6

> reason, avoiding possible duplication and confusion by allocating
> control between forums.

*United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (citations omitted).  The members of the Plaintiffs' Coalition who filed the appeal thus appear to have placed the propriety of the Injunction in the hands of the Eight Circuit.  The pendency of the appeal thus counsels against modification of the Injunction by the Court at this time.

The only other significant recent development in this case is the commencement of settlement discussions by Sprint.  Those settlement discussions weigh strongly in favor of continuing the Injunction.  Even the Plaintiffs concede that an Injunction is appropriate when settlement discussions may lead to an imminent settlement.  (*See, e.g.*, Illinois Pls. Mem. at 3-4.)  They state, however, that they are "not aware of any settlement discussions between any plaintiffs and the remaining MDL 1559 defendants. . . ."  (Illinois Pls. Mem. at 4; *see also* Pls. Coalition Mem. at 4.)  That is not the case.  After a series of earlier contacts to discuss a suitable framework and procedure for settlement, counsel for Sprint and certain plaintiffs met yesterday, July 20, 2004, to have substantive discussions.  Those discussions are not final, and no agreement has been reached.  However, Sprint and plaintiffs have scheduled to meet for further discussion.  Sprint believes confidential settlement discussions should continue in the next few weeks, and for this reason requests a brief continuance of the Injunction to provide a reasonable opportunity to explore this possibility.

The Injunction has proven an effective tool in facilitating settlement, already resulting in a nationwide settlement.  In view of the pending appeal of the Court's order denying modification of the Injunction, and because settlement negotiations with Sprint are ongoing, Defendants submit that the Injunction should remain in place.

1473417v1

**B.    The Court Has The Authority To Continue The Injunction**

The Plaintiffs' Coalition and the Illinois Plaintiffs argue that the Court's injunction violates the All Writs Act.  (Pls. Coalition Mem. at 4-7; Illinois Pls. Mem. at 2-4.)  Their arguments merely rehash those raised in support of the "Affected Plaintiffs" motion to modify the injunction.  The Court properly rejected these arguments when it denied that motion, *see* Order dated April 22, 2004, and they are no more persuasive today.

Plaintiffs first argue that in *In re BankAmerica Corp. Securities Litigation*, 263 F.3d 795 (8th Cir. 2001), *cert. denied*, 535 U.S. 970 (2002), the Eighth Circuit held that "a federal court cannot issue an All Writs injunction under the 'necessary in aid of jurisdiction' provision [of the Anti-Injunction Act] if the state court actions are *in personam* proceedings."  (Pls. Coalition Mem. at 5; *see* Illinois Pls. Mem. at 3.)  As the Court held when denying the "Affected Plaintiffs'" motion to modify the Injunction, the *BankAmerica* case "does not . . . stand[] for that proposition."  (Order of April 22, 2004, at 5.)[4]

Plaintiffs next argue that even if state court *in personam* proceedings could be enjoined, the existence of settlement negotiations or a settlement agreement would nevertheless be insufficient to invoke the "in aid of jurisdiction" exception to the Anti-Injunction Act.  (Pls. Coalition Mem. at 5-6; *see* Illinois Pls. Mem. at 3-4.)  However, the Court's jurisdiction to issue the Injunction in this case rested on *two* jurisdictional grounds:  the preliminary approval of the *Blando* settlement *and* "the Court's status as a multidistrict forum charged with the coordination of all current and former MDL 1559 cases challenging wireless telephone carrier federal cost

---

[4]        *See also* Defendant Cingular Wireless LLC's Suggestions In Opposition To Plaintiffs' Motion To Modify December 16, 2003 Order Staying Actions, at 13-14 (filed Feb. 24, 2004) ("Cingular Opposition to Motion to Modify Injunction") (discussing *In re BankAmerica Corp. Sec. Litig.*).

1473417v1

recovery fees." (Order of April 22, 2004, at 4; *see* Order of Dec. 22, 2003, at 3-5.) As the Court has repeatedly observed, multidistrict litigation actions are properly viewed as equivalent to *in rem* proceedings for purposes of applying the "necessary in aid of jurisdiction" exception. (Order of Apr. 22, 2004 at 6-7; Order of Dec. 22, 2003 at 4-5.)[5]

The Plaintiffs' Coalition also argues that the Injunction is unnecessary, and thus does not fall within the "in aid of jurisdiction" exception, because "there are no pending motions or issues in any state court actions threatening to unravel the MDL proceedings." (Pls. Coalition Mem. at 6.) However, the fact that no state court action threatens to unravel these proceedings speaks to the efficacy of the Injunction, not to its necessity.[6]

### C. Continuation of the Injunction Is Not Inequitable.

The Plaintiffs' Coalition argues that continuing the injunction would be "inequitable." (*See* Pls. Coalition Mem. at 7-8.) They are mistaken. The Plaintiffs have failed to articulate any harm or injury caused by temporary continuation of the injunction. Furthermore, contrary to the

---

[5]     *See also* Cingular Opposition to Modify Injunction, *supra*, at 13-14 (citing cases). The Anti-Injunction Act also permits district courts to enjoin state court proceedings if "expressly authorized by Act of Congress." 28 U.S.C. § 2283. This exception is triggered when there exists a uniquely federal right that would be frustrated if parallel state proceedings are not enjoined. *See Mitchum v. Foster*, 407 U.S. 225, 237-38 (1972). Indeed, the purpose of the exceptions to the Anti-Injunction Act is "to ensure the effectiveness and supremacy of federal law." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988); *Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1014 (8th Cir. 2002). The Communications Act creates a uniquely federal right. 47 U.S.C. § 332(c)(3)(A) ("[N]o State or local government shall have *any* authority to regulate the entry of or the rates charged by any commercial mobile service . . ..") (emphasis added); *see also Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 988 (7th Cir. 2000). Because Congress has forbidden state courts from hearing cases such as these, this Court has been "expressly authorized" to enjoin their litigation in federal court.

[6]     The Plaintiffs' Coalition also argues (at p.6) that a stay of state court proceedings is not necessary for the court to decide the jurisdictional question currently under consideration. However, once the Court confirms its jurisdiction over these cases, it will likely have to resolve a number of pretrial matters that could be disrupted by inconsistent or duplicative state court litigation.

9

Plaintiffs' Coalition's unsupported assertions, the public interest will be served by continuing the injunction, at least for a limited time. Temporarily staying state court proceedings is particularly appropriate in this proceeding due to its distinctly federal character. As argued above, the line item charges at issue in these actions are creatures of federal law and policy and should be regulated as such.[7]

### D. The Court Should Clarify that the All Writs Act Injunction Applies to the California Arbitration Appeals.

On July 14, 2004, the Interested Defendants informed the Court and the parties that the California Court of Appeal has directed them to seek clarification as to whether the Injunction applies to three appeals now pending before the California court.[8] Those appeals all arise from the denial of the Interested Defendants' petitions to compel arbitration in a single state court action, *Bucy v. AT&T Wireless Services, Inc. et al.*,[9] an action which challenges the Interested Defendants' federal cost recovery fees. (Defendants had raised the Injunction in the trial court without success, and the continued prosecution of the case forced defendants to preserve their rights by moving to compel arbitration and then appealing the denial of that motion.)

---

[7] In their final argument, the Plaintiffs' Coalition observes that the Court may use other methods to manage these MDL proceedings and thus avoid "the unnecessarily harsh result of enjoining related state court litigation." (*See* Pls. Coalition Mem. at 8-9.) While the Interested Defendants' welcome the Plaintiff Coalition's apparent willingness to cooperate, temporarily enjoining the Plaintiffs from filing scattershot complaints in order to find a sympathetic forum is not a "harsh result," and the availability of alternative measures thus does not warrant modification of the injunction at this time.

[8] A copy of the July 14, 2004 correspondence is reproduced as Exhibit B. Copies of the California court's orders are attached to the July 14, 2004 correspondence.

[9] *Bucy v. AT&T Wireless Servs., Inc. et al.,* No. Civ. 432021 (Cal. Super. Ct.).

10

1473417v1

The defendant-appellants have informed the California Court of Appeal of their belief that this Court's December 16, 2003 injunction order applies to those appeals.[10]  That order enjoined "any and all persons from commencing or continuing prosecution of any claim or action or legal proceeding in any federal, state, or territorial court against 'Nextel' or the 'Nextel Partners' defendants, *or any other party which is currently or which in the future may become a party to MDL 1559*.'"  The appeals arising from the *Bucy* case – made necessary by the plaintiffs' continued prosecution of the case – appear to fall squarely within the scope of that order.  The *Bucy* case names Cingular, Sprint and AWS as defendants, and each of those parties is named as defendants in at least one action in this MDL proceeding, *Clinkscales v. AT&T Wireless Services, et al.*[11]  The *Bucy* and *Clinkscales* complaints are almost word-for-word copies of one another.  The two complaints therefore not only name the same defendants, but also challenge precisely the same conduct – the Interested Defendants' use of line item fees to recover the cost of implementing certain regulatory programs.  Therefore, the Interested Defendants respectfully request that the Court confirm for the benefit of the California Court of Appeal that the Injunction applies to the *Bucy* appeals now pending before that court.

---

[10]     Copies of the motions for stay that the Interested Defendants filed in the California Court of Appeal, without attachments, are reproduced as Exhibits C-F.

[11]     *Clinkscales v. AT&T Wireless Services, Inc., et al.*, No. 03-4305 (N.D. Cal.) (WDMO 03-1146).

1473417v1

*Conclusion*

For the foregoing reasons, the Interested Defendants respectfully request that the Court leave the Injunction in place at this time, and also issue an order confirming that the Injunction applies to the *Bucy* appeals now pending before the California Court of Appeal.

Respectfully submitted,

Dated: July 21, 2004

/s/ Seamus C. Duffy
Seamus C. Duffy
Christopher S. Arfaa
Michael P. Daly
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
(215) 988-2700 (tel.)
(215) 988-2757 (fax)

/s/ Edward O. Gramling
Madeleine M. McDonough
Edward O. Gramling
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550 (tel.)
(816) 421-5547 (fax)

*Attorneys for Cingular Wireless LLC*

1473417v1

Dated: July 21, 2004                              /s/ Robert Van Nest
                                                _____
                                                Robert A. Van Nest
                                                Brian L. Ferrall
                                                Judy M. Shih
                                                Keker & Van Nest, LLP
                                                710 Sansome Street
                                                San Francisco, CA 94111-1704
                                                Telephone: (415) 391-5400
                                                Facsimile: (415) 397-7188

                                                *Attorneys for AT&T Wireless Services, Inc.*




Dated: July 21, 2004                              /s/ Mark D. Hinderks
                                                _____
                                                Mark D. Hinderks
                                                Daniel D. Crabtree
                                                Stinson, Morrison, Hecker, LLP
                                                9 Corporate Woods
                                                9200 Indian Creek Parkway, Suite 450
                                                Overland Park, KS 66210-2008

                                                William E. Hanna
                                                Stinson, Morrison, Hecker, LLP
                                                2600 Grand Avenue
                                                Kansas City, MO 641080
                                                Telephone: 816/691-2600
                                                816/474-4208 (Fax)

                                                Lee Lauridsen
                                                Sprint Law Department
                                                6450 Sprint Parkway
                                                Mailstop KSOPHN0412-4203
                                                Overland Park, KS 66251

                                                *Attorneys for Sprint Corporation, et al.*

## CERTIFICATE OF SERVICE

 This is to certify that on this 21st day of July 2004, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and I certify that the foregoing was mailed via regular mail to all counsel of record on the attached Service List.


Dated: July 21, 2004        /s/ Edward O. Gramling_____
                 Edward O. Gramling

| Electronically to:<br>**Counsel for Joseph Blando and James Sanders**:<br><br><br>Matthew A. Clement<br>(mclement@cauleygeller.com)<br>Edward D. Robertson (chiprob@earthlink.net) | **Counsel for Nextel Communications, Nextel West and Nextel Partners:**<br><br>Electronically to:<br>Timothy W. VanRonzelen<br>(tvanronzelen@cvdl.net)<br>Jane Christine Drummond<br>(jane.drummond@husch.com)<br>Harvey M. Tettlebaum<br>(Harvey.tettlebaum@husch.com)<br>Thomas E. Gilbertsen<br>(tgilbertsen@colliershannon.com)<br>John E. Villafranco<br>(jvillafranco@colliershannon.com)<br><br>Via Mail to:<br>Dane H. Butswinkas<br>R. Hackney Wiegmann<br>Heidi K. Hubbard<br>Williams & Connolly, LLP<br>725 Twelfth St., N.W.<br>Washington, D.C. 20005<br><br>Glennon P. Fogarty<br>Husch & Eppenberger<br>190 Carondelet Plaza, Suite 600<br>St. Louis, MO 63105<br><br>Kara M. Dorssom<br>Husch & Eppenberger<br>1200 Main Street, Suite 170<br>Kansas City, MO 64105 |
| **Counsel for Richard Thompson, Hipolito Gonzalez, Robert Falkner, Pete Gonzalez:**<br><br>Electronically to:<br>Kenneth E. Nelson (kennelson@mclaw.com)<br>Cory S. Fein (csf@caddellchapman.com)<br><br>Via Mail to:<br>Michael A. Caddell<br>Cynthia Chapman<br>Fernando DeLeon<br>Caddell & Chapman<br>1331 Lamar, Ste. 1070 | **Counsel for Daniels & Daniels, Mayer Gattegno, Barry Grimson and Thomas Lang:**<br><br>Electronically to:<br>Bruce Keplinger (bkeplinger@k-c-lawyers.com)<br>David Pastor (dpastor@gilmanpastor.com)<br><br>Via Mail to:<br>Jayne Arnold Goldstein<br>Mager White & Goldstein<br>2825 University Drive, Ste. 350 |

1473417v1

| | |
|---|---|
| Houston, TX  77010-3027<br><br>Mitchell A. Toups<br>P.O. Box 350<br>Beaumont, TX  77704 | Coral Springs, FL  33065<br><br>Ann D. White<br>Michael J. Kane<br>Mager White & Goldstein<br>One Pitcairn Place<br>165 Township Line Road, Ste. 2400<br>Jenkintown, PA  19046<br><br>Carol V. Gilden<br>Michael B. Hyman<br>Douglas A. Millen<br>Michael E. Moskovitz<br>Much, Shelist, Freed, Denenberg, Ament &<br>Rubenstein<br>191 N. Wacker Drive<br>Chicago, IL  60605-1615 |
| **Counsel for Meliza Aldea, William Fredrich, Peter Friedrich and SS&E Trucking**<br><br>Via Mail to:<br>Robert A. Holstein<br>Holstein Law Offices, LLC<br>19 S. LaSalle, Ste. 1500<br>Chicago, IL  60603 | |

1473417v1

| | |
|---|---|
| **Counsel for Steven Robertson, Christopher Freeman, Susan Martelli, Joseph Martelli, Diane Hohne, Steve Strange and Rolando Prado, Dennis Gregory, Steven D. Solomon, Jocelyn Conwell, Frank Cherry, Elizabeth Cherry, James Edward Campbell, Robert F. Milner and Julio Preito:** | **Counsel for Greg Benney:** |
| | Electronically to: |
| | Andrew C. Allen (aallen@whatleydrake.com) |
| | Charles F. Speer (cspeer@speerlawfirm.com) |
| Electronically to: | |
| Timothy G. Blood (timb@lcsr.com) | Via Mail to: |
| James M. McNamara (jimm@lscr.com) | |
| John J. Stoia (johns@lcsr.com) | Joe R. Whatley |
| Laura T. Goettsch (lgoettsch@wmskc.com) | Whatley Drake LLC |
| Michael E. Waldeck (mwaldeck@wmskc.com | 2323 Second Avenue North |
| | P.O. Box 10647 |
| Via Mail to: | Birmingham, AL 35202-0647 |
| Sanford Svetcov | |
| Lerach Coughlin Stoia & Robbins LLP | |
| 100 Pine Street, Suite 2600 | |
| San Francisco, CA 94111 | |
| | |
| Andrew Friedman | |
| William C. Wright | |
| Craig Iha | |
| H. Sullivan Bunch | |
| Bonnett Fairborn Friedman & Balint PC | |
| 2901 N. Central Ave., Ste. 1000 | |
| Phoenix, AZ 85012 | |
| **Counsel for Sprint Spectrum:** | **Counsel for Dynamic Network Support, Desiree Tmack and Daniel Ferazzoli:** |
| Electronically to: | |
| Mark D. Hinderks | Electronically to: |
| (mhinderks@stinsonmoheck.com) | Marcus Neil Bozeman |
| Daniel D. Crabtree | (mbozeman@cauleygeller.com) |
| (dcrabtree@stinsonmoheck.com) | |
| William E. Hanna | Via Mail to: |
| (whanna@stinsonmoheck.com) | S. Gene Cauley |
| | Steven A. Owings |
| Via Mail to: | Colette D. Honorable |
| Lee Lauridsen | Cauley Geller Bowman & Rudman LLP |
| Sprint Law Department | 11001 Executive Center Dr., Ste. 200 |
| 6450 Sprint Parkway | P.O. Box 25438 |
| Overland Park, KS 66251 | Little Rock, AR 72211 |

| **Counsel for Stainless Systems:** | **Counsel for Steve Alport, Tanna Sparks and Anne Franczyk** |
|---|---|
| Via Mail to:<br>Charles D. Chalmers<br>20 Sunnyside Avenue<br>Ste. A #199<br>Mill Valley, CA  94941-1928 | Electronically to:<br>Patrick J. Stueve (stueve@shslitigation.com)<br>Amy E. Bauman (bauman@shslitigation.com)<br>Lawrence Wiley Schad (lschad@bsdlaw.com)<br><br>Via Mail to:<br>Anthony F. Fata<br>Marvin A. Miller<br>Miller Faucher and Cafferty<br>30 N. LaSalle St., Ste. 3200<br>Chicago, IL  60602<br><br>James Shedden<br>Steven J. Tomiello<br>Beeler, Schad & Diamond<br>332 S. Michigan Ave.<br>Suite 1000<br>Chicago, IL  60604 |

1473417v1

| Counsel for Paul Lamia: | Counsel for Robert Reznick: |
|---|---|
| Electronically to:<br>Jacqueline Sailer (jsailer@rabinlaw.com) | Via mail to:<br>Bryan D. Marcus<br>19500 Middlebelt Road<br>Suite 110 East<br>Livonia, MI 48152 |
| | |

**Other Counsel:**

Electronically to:
Stephen Robert Clark (sclark@pswlaw.com)
Chadler E. Colgan
(ccolgan@armstrongteasdale.com)
Stephen M. Gorny (steve@bflawfirm.com)
Dale Kenneth Irwin (scimlaw@swbell.net)
Brant M. Laue
(blaue@armstrongteasdale.com)
J. Kent Lowry
(klowry@armstrongteasdale.com)
John O'Connor (joconnor@nwb.com)
Thomas Pirmantgen (tpirmantgen@cfdl.net)
Tameka Turner-Perry (tturner-perry@gewwlaw.com)

| Other Counsel (cont'd) – Sent Via Mail | | | |
|---|---|---|---|
| Jonathan S. Abady<br>Mariann Meier Wang<br>Emery Celli Cuti<br>Brinckerhoff &<br>Abady<br>545 Madison Ave., 3rd Fl.<br>New York, NY 10022<br><br>Elias A. Alexiades<br>215 Church St., 2nd Floor<br>New Haven CT 06510<br><br>Paul A. Alexis<br>Boult Cummings<br>Conners Berry | Paul L. Bittner<br>1285 Fareharm Drive<br>New Albany, OH 43054<br><br>Anthony J. Bolognese<br>Bolognese &<br>Associates LLC<br>One Penn Center<br>1617 JFK Blvd, Ste. 650<br>Philadelphia, PA 19103<br><br>Gerald J. Caruso<br>Rebecca I. Tepper<br>Rubin & Rudman LLP<br>50 Rowes Wharf, 3rd | Michael B. Colgan<br>Glenn, Rasmussen,<br>Fogarty & Hooker,<br>PA<br>100 s. Ashley Dr., Ste. 1300<br>P.O. Box 3333<br>Tampa, FL 33601-3333<br><br>Christa L. Collins<br>John Allen Yanchunis<br>James, Hoyer,<br>Newcomer &<br>Smiljanich, P.A.<br>4830 W. Kennedy Blvd.<br>One Urban Centre,<br>Ste. 550 | Brian L. Ferrall<br>Keker & Van Nest,<br>LLP<br>710 Sansome St.<br>San Francisco, CA 94111<br><br>Mark S. Fistos<br>3301 Thomasville Rd.<br>Ste. A200<br>Tallahassee, FL 32308<br><br>Michele D. Floyd<br>Reed Smith Crosby<br>Heafey<br>Two Embarcadero<br>Center<br>Suite 2000 |

1473417v1

| | | | |
|---|---|---|---|
| P.O. Box 198062<br>414 Union St., Ste.<br>1600<br>Nashville, TN  37219<br><br>Donald Chidi<br>Amamgbo<br>Remigius Chibueze<br>Amamgbo &<br>Associates<br>1940 Embarcadero<br>Cove<br>Oakland, CA  94606<br><br>William M. Bailey<br>Alysa N. Zeltzer<br>Collier Shannon Scott<br>PLLC<br>3050 K St., N.W.<br>Washington, D.C.<br>20007<br><br>Daniel A. Ball<br>Goldbert Ball, P.C.<br>P.O. Box 60234<br>Potomac, MD  20859 | Fl.<br>Boston, MA  02110<br><br>Brandon B. Cate<br>Quattlebaum,<br>Grooms, Tull &<br>Burrow, PPLC<br>111 Center St., Ste.<br>1900<br>Little Rock, AR<br>72201-3325<br><br>Myron M. Cherry<br>Myron Cherry &<br>Assoc.<br>30 N. LaSalle St., Ste.<br>2300<br>Chicago, IL  60602 | Tampa, FL  33609<br><br>Jeanine M. Donohue<br>Amor A. Esteban<br>Drinker Biddle &<br>Reath<br>50 Freemont St., 20th<br>Fl.<br>San Francisco, CA<br>94104<br><br>Mary Jane Fait<br>Mark C. Rifkin<br>Wolf, Haldenstein,<br>Adler, Freeman &<br>Herz, LLC<br>656 W. Randolph St.<br>Ste. 500W<br>Chicago, IL  60661 | P.O. Box 7936<br>San Francisco, CA<br>94120<br><br>Scott A. Frick<br>John McQuiston<br>Stokes Bartholomew<br>Evans & Petree, P.A.<br>1000 Ridgeway Loop<br>Rd.<br>Ste. 2000<br>Memphis, TN  38120<br><br>Joseph George<br>Galardi<br>Janet T. Munn<br>Steel Hector & Davis<br>777 S. Flagler Dr.,<br>Ste. 1900<br>W. Palm Beach, FL<br>33401<br><br>Richard D. Greenfield<br>Greenfield &<br>Goodman LLC<br>24579 Deep Neck Rd.<br>Royal Oak, MD<br>21662 |

7

| Other Counsel (cont'd) – Sent Via Mail | | | |
|---|---|---|---|
| Robert L. Hickok<br>Christopher J. Huber<br>Pepper Hamilton<br>3000 Two Logan<br>Square<br>18th and Arch Streets<br>Philadelphia, PA<br>19103<br><br>Deborah Rzasnicki<br>Hogan<br>Frederic R. Klein<br>James P. Madigan<br>Goldberg, Kohn, Bell,<br>Black, Rosenbloom &<br>Moritz, Ltd.<br>55 E. Monroe St.<br>Suite 3700 Mid-<br>Continental Plaza<br>Chicago, IL 60603<br><br>Michael R. Johns<br>Thomas S. Stone<br>Dover Dixon Horne,<br>PLLC<br>TCBY Building, Ste.<br>3700<br>425 W. Capitol Ave.<br>Little Rock, AR<br>72201-2692<br><br>Joshua Lifshitz<br>Bull & Lifshitz, LLP<br>18 E. 41st St.<br>New York, NY<br>10017<br><br>Edward L. Manchur<br>Gilman and Pastor,<br>LLP<br>999 Broadway, Ste.<br>400<br>Stonehill Corporate<br>Center | Thomas J. McKenna<br>Gainey & McKenna<br>485 Fifth Avenue<br>3rd Floor<br>New York, NY<br>10017<br><br>Ann Miller<br>Ann Miller, LLC<br>834 Chestnut St., Ste.<br>206<br>Philadelphia, PA<br>19107<br><br>Samaraweera Law<br>Offices<br>1150 Connecticut<br>Ave., N.W.<br>Washington, D.C.<br>20036<br><br>Frank J. Silvestri<br>Zeldes, Needle &<br>Cooper<br>1000 Lafayette Blvd.<br>P.O. Box 1740<br>Bridgeport, CT<br>06601-1740<br><br>James J. Sipchen<br>Richard M. Waris<br>Pretzel & Stouffer,<br>Chtd.<br>One South Wacker<br>Dr.<br>Suite 2500<br>Chicago, IL 60606-<br>4673 | Gary L. Specks<br>Kaplan, Fox &<br>Kilsheimer<br>203 N. LaSalle Street<br>Suite 2100<br>Chicago, IL 60601<br><br>Reginald Von Terrell<br>The Terrell Law<br>Group<br>223 25th St.<br>Richmond, CA 94804<br><br>Frederick W. Turner<br>Snyder & Snyder,<br>LLP<br>94 West Plains Rd.<br>Tarrytown, NY<br>10591<br><br>Utility Consumers'<br>Action Network<br>3100 5th Avenue, Ste.<br>B<br>San Diego, CA<br>92103<br><br>B. J. Wade<br>Glassman, Edwards,<br>Wade & Wyatt, PC<br>26 N. 2nd Street<br>Memphis, TN 38103 | Wireless Consumers<br>Alliance, Inc.<br>P.O. Box 2090<br>Del Mar, CA 92014 |

8

| Saugus, MA  01906 | | | |
|---|---|---|---|

1473417v1